IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| HAMIDULLAH MOHIB | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV-14-299-R |
| | ) | |
| CLASSIC RECREATIONS, LLC, | ) | |
| JASON A. ENGEL, and | ) | |
| CARROLL SHELBY LICENSING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Hamidullah Mohib's Motion to Amend his Complaint, Doc. No. 19, as well as Defendant Carroll Shelby Licensing, Inc.'s Motion to Dismiss. Doc. No. 11. For the following reasons, Plaintiff's Motion to Amend is DENIED, and Defendant's Motion to Dismiss is GRANTED.

On March 26, 2014, Plaintiff filed suit against Defendants Classic Recreations, LLC (Classic), Jason Engel, and Carroll Shelby Licensing, Inc. (Shelby), based upon the alleged breach of a contract for the restoration of a classic car. In relevant part, Plaintiff sued Defendant Shelby for its alleged violation of the Oklahoma Consumer Protection Act (OCPA). However, the allegations in Plaintiff's original Complaint that pertain to Defendant Shelby are minimal, and Defendant Shelby moved to dismiss Plaintiff's claim against it. Instead of filing a response to Defendant Shelby's motion, Plaintiff filed a Motion to Amend, arguing that the more specific allegations against Defendant Shelby in his proposed Amended Complaint cure any defect in the original Complaint. Defendant

Shelby then filed its response and objections to Plaintiff's Motion to Amend, contending that the motion should be denied because Plaintiff's Amended Complaint still fails to state a claim against Defendant Shelby under the OCPA.

Under Fed. R. Civ. P. 15(a), if a pleading is one to which a responsive pleading is required, a party is permitted to amend the pleading once as a matter of course if the party does so within twenty-one days after service of a motion under Rule 12(b). Notwithstanding this, "the right to amend as a matter of course is not absolute." *Hafen v. Carter*, 248 F. App'x 43, 46 (10th Cir. 2007) (quoting *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004)) (internal quotation marks omitted). And the Court "may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss." *Id.* (quoting *Crestview Vill. Apartments*, 383 F.3d at 558) (internal quotation marks omitted).

Accordingly, the proposed Amended Complaint must be analyzed as if it were before the Court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege sufficient facts "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Regarding this plausibility requirement, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation omitted) (internal quotation marks omitted). In other words, a pleading that offers "labels and conclusions," "a formulaic

recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" does not suffice under the federal pleading standard. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). In considering a motion to dismiss, all well-pleaded factual allegations must be accepted as true. *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998) (citation omitted). And furthermore, those allegations, and all reasonable inferences therefrom, must be construed in the light most favorable to the non-moving party. *Id.* at 1203 (citation omitted).

Although Plaintiff asserts that his proposed Amended Complaint cures any defect in his original Complaint with respect to his claim against Defendant Shelby for violation of the OCPA, the Court disagrees. In the proposed Amended Complaint, Plaintiff alleges: (1) Defendant Classic is a licensee of Defendant Shelby; (2) Defendant Shelby "states that its licensees are a select group of businesses that represent the Shelby brand and its legacy;" (3) Plaintiff relied on this representation in deciding to contract with Defendant Classic; (4) Defendant Classic represents that purchased vehicles will be entered into Defendant Shelby's official registry; and (5) "when entering deals pertaining to the Shelby brand, [Defendant] Shelby acts as principal to [Defendant] Classic's recreations with respect to representations about the product bearing the Shelby trademark or name by virtue of actual authority or apparent authority arising out of its representation of endorsement." *See* Doc. No. 19, Ex. 1, at 3, 7-8. Plaintiff then goes on to state that Defendant Shelby has violated several subsections of the OCPA.

The specific subsections of the OCPA that Plaintiff alleges Defendant Shelby has violated provide that a person engages in unlawful business practices when the person:

> 2. Makes a false or misleading representation, knowingly or with reason to know, as to the source, sponsorship, approval, or certification of the subject of a consumer transaction;
>
> 3. Makes a false or misleading representation, knowingly or with reason to know, as to affiliation, connection, association with, or certification by another;
>
> . . .
>
> 5. Makes a false representation, knowingly or with reason to know, as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith;
>
> . . .
>
> 8. Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised.

Okla. Stat. tit. 15, § 753(2)-(3), (5), (8). Contrary to what Plaintiff argues, his proposed Amended Complaint simply fails to assert that Defendant Shelby engaged in any of the above unlawful business practices. By way of example, Plaintiff's proposed Complaint asserts that Defendant Shelby breached § 753(2) when it represented that vehicles purchased from Defendant Classic would be certified and included on the Shelby registry while knowing that Defendant Classic would fail to provide the contracted-for vehicle. There are two problems with this statement. First, Plaintiff never actually alleges that Defendant Shelby represented that the cars restored by Defendant Classic would be entered on its registry. Instead, Plaintiff alleges that Defendant Classic is the one who

4

made this representation. And second, even if Plaintiff alleged that Defendant Shelby made this representation, Defendant Classic's purported failure to complete the vehicle would not render this representation false.[1]

Accordingly, Plaintiff's proposed Amended Complaint fails to state a plausible claim against Defendant Shelby for violation of the OCPA, meaning that Plaintiff's Motion to Amend is DENIED. Further, Defendant Shelby's Motion to Dismiss the claim against it under the original Complaint is GRANTED.

IT IS SO ORDERED this 31st day of July, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff alleges that Defendant Shelby also violated § 753(3), (5), and (8) of the OCPA, but Plaintiff's allegations fail to state a plausible claim under these subsections for similar reasons.